Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 210426-155406
DATE: May 28, 2021

REMANDED

Entitlement to service connection for residuals of rheumatic fever, claimed as complications of paralysis, is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force from January 1961 until his honorable discharge in August 1964. The Board of Veterans' Appeals (Board) thanks the Veteran for his service to our country.

This matter is before the Board on appeal from an April 2021 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). The rating decision on appeal constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In March 2021, the Veteran submitted a VA Form 20-0995, Decision Review Request: Supplemental Claim, and requested review of the March 2021 rating decision based on new and relevant evidence. In April 2021, the Agency of Original Jurisdiction issued the supplemental claim decision on appeal, which found that new and relevant evidence had been received, but denied the claim on the merits. 

In April 2021, the Veteran submitted VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), where he elected the Direct Review docket for the issue on appeal. As explained in the VA Form 10182, "Direct Review" means the Board's decision must be based upon the evidence of record at the time of the prior decision, with no evidence submission or hearing request. As such the Board has considered only the evidence of record at the time of the April 2021 rating decision. 38 C.F.R. § 20.301.

The issue of entitlement to service connection for residuals of rheumatic fever is remanded to correct a duty to assist error that occurred prior to the April 2021 rating decision on appeal.

Entitlement to service connection for residuals of rheumatic fever, claimed as complications of paralysis, is remanded.

The Board is responsible for identifying duty to assist errors that were made by the Agency of Original Jurisdiction (AOJ), prior to the rating decision on appeal, and remanding to correct such errors. 38 C.F.R. §§ 3.159, 20.802. VA has a duty to assist Veterans in obtaining evidence to substantiate claims, which includes obtaining relevant records and providing medical examinations or obtaining medical opinions when necessary. 38 C.F.R. § 3.159(c).

The Veteran is seeking service connection for residuals of rheumatic fever, claimed as complications of paralysis in service. See February 2021 VA Form 21-526EZ.

The record reflects multiple current diagnoses, including coronary artery disease, diabetes mellitus, epilepsy/seizures, hypertension, and renal artery stenosis.

The Veteran's service treatment records (STRs) confirm the Veteran was admitted to Womack Army Hospital, Fort Bragg, North Carolina, on October 9, 1961 with a diagnosis of erythema nodosum; the Veteran was discharged on October 14, 1961 with a diagnosis of "ill-defined condition, manifested by painful skin lesions, upper and lower extremities, fever, leukocytosis and elevated sedimentation rate." See November 1961 Narrative Summary. Additionally, an October 1961 clinical record notes a clinical impression of "rule out acute rheumatic fever."

Initially, the Board finds, a remand is warranted to obtain the Veteran's service personnel records (SPRs). After review of the Veteran's claims file, it appears the complete SPRs have not been associated with the claims file. It is noted SPRs may include important evidence in support of the Veteran's claim for residuals of rheumatic fever. Failure to secure a complete record upon which to decide this claim constitutes a pre-decisional duty to assist error by the AOJ.

In addition to the development ordered above, prior to the March 2021 rating decision, the AOJ should have obtained an examination with medical opinion addressing whether the Veteran's claimed residuals of rheumatic fever were caused by or is otherwise etiologically related to service.

VA is required to obtain a medical examination and medical opinion when there is (1) competent evidence of a current disability or persistent or recurring symptoms of a disability; (2) evidence establishing that an event, injury, or disease occurred in service, or establishing that certain diseases manifested during an applicable presumptive period for which the claimant qualifies; and (3) an indication that the disability or persistent or recurrent symptoms of a disability may be associated with the Veteran's service or with another service-connected disability; but (4) there is insufficient competent medical evidence on file for the Secretary to make a decision on the merits of the claim. 38 U.S.C. § 5103A; 38 C.F.R. § 3.159(c)(4)(1); McLendon v. Nicholson, 20 Vet. App. 79 (2006). In this case, the Board finds that the duty to obtain a VA examination was triggered, as there is evidence that the Veteran may have had rheumatic fever in service, and he has credibly asserted having persistent residuals symptoms since that time.

Finally, the Board finds the AOJ committed a pre-decisional error in the duty to assist by not assisting the Veteran in obtaining relevant treatment records. The duty to obtain relevant records requires making as many requests as are necessary to obtain relevant records from a federal department or agency, including but not limited to, military records, VA medical records, records from facilities with which the VA has contracted, and records from federal agencies such as the Social Security Administration (SSA). 38 C.F.R. § 3.159(c)(2). VA's duty to assist claimants to obtain evidence needed to substantiate a claim also include making reasonable efforts to obtain relevant private medical records. 38 C.F.R. § 3.159(c)(1).

In this case, the evidence shows the Veteran was admitted to the North Carolina State Veterans Home, Black Mountain, in November 2020. These records are not associated with the claims file, nor is there documentation that VA has made efforts to obtain these relevant records or informed the Veteran that the VA can assist him in obtaining those records.

The matters are REMANDED for the following action:

1. Obtain the Veteran's completed SPRs. Document all requests for information as well as all responses in the claims file. If any records cannot be obtained, the AOJ must issue a Formal Finding on the Unavailability of Records, explaining all steps taken.

2. The AOJ should obtain treatment records from North Carolina State Veterans Home, Black Mountain, and associate them with the claims file. If these records are not obtained (or none exist) the Veteran should be notified, and the record clearly documented.

3. After the above is completed, arrange for an examination by an appropriate clinician (a specialist in rheumatic fever or other qualified physician) to determine the nature and likely cause of any residuals of rheumatic fever. All testing deemed necessary must be conducted and results reported in detail. The claims file and copy of this Remand must be made available to and be reviewed by the examiner. Following review of the claims file, and interview/examination of the Veteran, the examiner is requested to respond to the following:

(a.) The examiner should identify, by diagnosis, any residuals of rheumatic fever or paralysis in service which have been present during the appeal period, which is since February 2021.

(b.) With respect to any diagnosed rheumatic fever/paralysis residuals found, the examiner should provide an opinion as to whether it is as least as likely as not (50 percent probability or greater) that they are residuals of the rheumatic fever/paralysis that the Veteran had in service.

(c.) The examiner is also asked to address whether the Veteran has any current disorders, including stroke or heart disease, that are as likely as not caused or aggravated by any event or injury in service, including rheumatic fever/paralysis.

In addition to any records that are generated because of this remand, the examiner's attention is drawn to the following:

 October 1961 STR noting clinical impression of "rule out acute rheumatic fever" and electrocardiographic record indicating "sinus tachycardia, otherwise within normal limits."

 November 1961 STR Narrative Summary detailing the Veteran's hospitalization from October 9, 1961 to October 24, 1961.

 September 1963 STR noting the Veteran was treated at Womack Army Hospital for temporary stiffness of leg joints.

In providing the requested opinion, the examiner must address the Veteran's lay statements regarding onset, in-service incurrence, and continuity of symptomatology since service separation, including he had rheumatic fever in service which weakened his heart.

(In remanding this case, the Board makes no credibility determination, expressed, or implied at this juncture. The Board reminds the Veteran that in asking the examiner to accept the history he provides, the Board is not, at this time, assessing the credibility of his statements.)

A complete rationale must be provided. If the examiner cannot provide an opinion without resorting to speculation, the examiner should provide an explanation as to why this is so and what, if any, additional evidence would permit such an opinion to be made. 

 

Mary E. Rude

Acting Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Grace Johnk, Associate Counsel 

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.